Filed 7/28/25  In re N.E. CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Tehama)

----

| | |
|---|---|
| In re N.E. et al., Persons Coming Under the Juvenile Court Law. | C103050 |
| TEHAMA COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent, v. T.B., Defendant and Appellant. | (Super. Ct. Nos. 23JU000057, 23JU000058) |

Appellant T.B., father of the minors N.E. and A.E., appeals from the juvenile court's order terminating parental rights.  (Welf. & Inst. Code, §§ 366.26, 395.)[1]  Father claims the juvenile court did not comply with the Indian Child Welfare Act (25 U.S.C. § 1901, et seq.) (ICWA) and related California law because the court failed to make explicit

---

[1] Further undesignated statutory references are to the Welfare and Institutions Code.

1

ICWA findings before terminating father's parental rights. The Tehama County Department of Social Services (Department) urges affirmance.

We conclude a limited remand to comply with ICWA is necessary.

## I. BACKGROUND

This case began in June 2023, when the Department filed dependency petitions under section 300, subdivisions (b)(1) and (j) on behalf of the two minor children, who were then five and four years old respectively. Along with the dependency petitions, the Department filed an "Indian Child Inquiry Attachment" for each minor child. In that attachment, the Department checked boxes indicating mother advised them that she and the minors may be members of, or eligible for membership in, the Mechoopda Indian Tribe of Chico Rancheria (Mechoopda Tribe). The Department contacted the Mechoopda Tribe directly.

In its detention report, the Department indicated there was reason to believe ICWA did or might apply. The Department reiterated mother's claim to be a member of the Mechoopda Tribe. The Mechoopda Tribe, however, said the mother and minors were "not enrolled members and they would not be eligible for tribal support." Mother did not respond to the Department's efforts to contact her.

Mother did not appear at the detention hearing on June 21, 2023. The juvenile court asked father and counsel for mother if either had Native American ancestry. Father said he did not; mother's counsel again claimed mother had Mechoopda Tribe ancestry. The court ordered the Department to "check with the Tribe to see if there is any registration." The court ordered the minors detained.

The Department filed its jurisdiction report on July 7, 2023. The Department again found reason to believe ICWA may apply and noted the Mechoopda Tribe had already denied mother's claim. Since the minors' detention, mother had not visited them, and she was not responding to the Department.

2

Mother did not appear at the contested jurisdiction hearing. The juvenile court heard testimony from father, reviewed and admitted into evidence the jurisdiction report, and sustained the petitions. The court made no findings relative to ICWA.

On July 21, 2023, the Department filed its disposition report. The Department found there was no reason to believe ICWA did or might apply. The Department listed 13 Native American Indian tribes who received ICWA notices in this matter. Those notices included identifying information only for mother, father, and the minors.

Mother continued to ignore the Department's efforts to reach her. She did, however, appear at the disposition hearing on July 25, 2023. At that hearing, the juvenile court asked mother about her claims of Native American ancestry; she said she had such ancestry but was not enrolled. The court continued the hearing to August 22, 2023, for a contested disposition hearing.

On August 11, 2023, the Department filed a supplemental report on ICWA compliance. Attached to the report were return receipts from 11 Native American tribes indicating they received the Department's ICWA notice. Also attached were letters regarding the minors' ICWA eligibility from three Native American tribes who received the ICWA notice. The Mooretown Rancheria of Concow-Maidu Indians recommended the Department conduct further inquiry into mother's lineage, noting the tribe may have members who share mother's maiden name. The Jena Band of Choctaw Indians and the Mississippi Band of Choctaw Indians each found the minors were not members of their tribe and not eligible for membership.

The contested disposition hearing was held on September 6, 2023. Mother did not appear at the hearing, though her counsel was present. Mother's counsel advised the court that mother failed to show for an in-person appointment and a phone appointment. As a result, counsel had had no contact with mother. After hearing testimony from father and argument from counsel, the juvenile court bypassed mother for reunification services, ordered services for father, and declared the minors dependents of the court.

3

The juvenile court also found "there is no reason to know the child[ren] [are] Indian child[ren].  Unless new information is received indicating that the child[ren] [are] Indian child[ren], ICWA does not apply."  The court ordered the parents to disclose to the Department the "names, residences, and any other known identifying information of any maternal or paternal relatives of the child[ren]" and set the matter for a six-month review hearing.

Following the disposition hearing, the Department submitted return receipts from two more Native American tribes indicating they received the Department's ICWA notice. The Department also submitted letters from six Native American tribes advising the Department that the minors were neither enrolled in nor eligible for enrollment in their tribe.

On January 26, 2024, the Department received a letter from the Kletsel Dehe Wintun Nation indicating the tribe could not determine "with the information . . . provided if the children are descendants of our Tribal Nation."  The Kletsel Dehe Wintun Nation asked the Department to "resubmit and include either a family tree or other lineage-based information."

In its six-month status review report, the Department found "[t]here is reason to believe that the [ICWA] may applies [*sic*]."  The Department would, however, "continue to notice the below tribes until it is determined the minors are not ICWA eligible."  The tribes who would continue to receive notice included the Kletsel Dehe Band Wintun Nation and the Mechoopda tribe.

The six-month review hearing began on February 27, 2024.  After numerous abbreviated hearings and continuances, the juvenile court issued its findings and orders on April 22, 2024.  The court indicated it read, considered, and admitted into evidence the six-month status report.  "The juvenile court found that father had made minimal progress toward reunification, the minors' current placement was appropriate, and their needs were being met.  The juvenile court also found by a preponderance of the evidence that the

4

return of the minors to their parent or legal guardian would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the minors." (*In re N.E., et al.* (Jan. 23, 2025, C100946) [nonpub. opn.].)

Father appealed from the orders entered at the six-month review hearing. (*In re N.E., et al., supra*, C100946.) He argued, among other things, that "the [Department] failed to conduct an adequate inquiry into the minors' possible Native American heritage under [ICWA]." (*Ibid.*) On appeal, the Department did "not oppose a limited remand to ensure compliance with ICWA." (*Ibid.*) We accepted the Department's concession, vacated the juvenile court's preliminary finding, and "remanded for further ICWA compliance proceedings, after which the juvenile court [was directed to] enter a new ICWA finding." (*Ibid.*)

While father's appeal was pending in this court, the Department filed its section 366.21, subdivision (f) 12-month review report. The Department found ICWA did not apply.

The 12-month review hearing took place on August 20, 2024. Mother did not appear at the hearing, though her counsel was present. The juvenile court indicated it read and considered the 12-month review report and admitted the report into evidence. The court continued the hearing. When the hearing resumed on September 17, 2024, the court asked the paternal grandmother about any possible Native American ancestry. She indicated there may be some in mother's family, but she was unaware of any in her family.

The 12-month review hearing concluded on September 24, 2024, without mother in attendance. The juvenile court terminated father's reunification services and set a section 366.26 selection and implementation hearing (section 366.26 hearing). The Department subsequently submitted a declaration of due diligence indicating its efforts to provide mother with notice of the section 366.26 hearing, including publishing notice in the local paper.

On January 3, 2025, the Department filed its section 366.26 selection and implementation report (section 366.26 report) recommending the termination of parental rights. The Department indicated there was no reason to believe ICWA may apply, noting again that mother's claim to membership in the Mechoopda Tribe was denied. The Department attempted to contact mother for additional information but the only telephone number they had for her was no longer in service.

The Department also attempted to reach the minors' maternal aunt. The contact number they had for her, however, "belonged to another person." The Department noted the minors' paternal grandmother denied knowing of any Native American ancestry in her family and said she did not think there was any in the paternal grandfather's family either. The Department also spoke with the paternal uncle; he too was unaware of any Native American ancestry in their family.

For the first time, father asserted Native American ancestry; he thought his maternal grandmother "was part Cherokee," but he did not know his maternal grandmother's name and he did not have any other identifying information. Father believed mother belonged to the Mechoopda Tribe, he said mother had numerous cousins enrolled in the Mechoopda Tribe, but he could not provide the Department with any of their information.

The section 366.26 hearing was held on February 4, 2025. Father testified at the hearing. Mother, again, was not present. The juvenile court said it reviewed and considered the Department's section 366.26 report and admitted it into evidence. After hearing testimony from father and argument from counsel, the court adopted the "findings and orders that have been recommended" in the 366.26 report. No further ICWA inquiry was made, and the court terminated parental rights.

Father filed a timely notice of appeal on February 4, 2025. This matter was fully briefed in this court on June 4, 2025.

6

## II. DISCUSSION

Father contends the juvenile court failed to assure compliance with ICWA. We agree and conclude that conditional reversal is required.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. [Citations.] A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' " (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) Child welfare agencies and juvenile courts "have an affirmative and continuing duty" in every dependency proceeding to determine whether ICWA applies by inquiring whether a child is or may be an Indian child. (§ 224.2, subd. (a).) This " 'duty to inquire begins with the initial contact, including, but not limited to, asking the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1132.)

To satisfy its obligation under ICWA, child welfare agencies must conduct an inquiry of those who qualify as " 'extended family member[s],' " as defined by ICWA. (See 25 U.S.C. § 1903(2); § 224.1, subd. (c)(1).) ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent." (25 U.S.C. § 1903(2); § 224.1, subd. (c)(1).) Additionally, under California law, the Department has a duty to ask others who have an interest in the child whether the child is or may have Native American ancestry. (§ 224.2, subd. (b).) This duty of inquiry "continues throughout the dependency proceedings." (*In re J.C.* (2022) 77 Cal.App.5th 70, 77.)

"When the agency has 'reason to believe' that an Indian child is involved, further inquiry regarding the possible Indian status of the child is required. (§ 224.2, subd. (e); see also [Cal. Rules of Court,] rule 5.481(a)(4).)" (*In re Dezi C., supra*, 16 Cal.5th at p. 1132, fn. omitted.) "If the inquiry establishes a reason to know an Indian child is involved, notice must be provided to the pertinent tribes. (§ 224.3, subds. (a), (b); 25 U.S.C. § 1912(a).)" (*Id*. at p. 1133.)

In every case, a juvenile court must make a finding whether ICWA applies. (*H.A. v. Superior Court* (2024) 101 Cal.App.5th 956, 965-966; *In re E.W.* (2009) 170 Cal.App.4th 396, 403.) This finding may be express or implied, but we will recognize an implied ICWA finding only when we "can be confident that the juvenile court considered the issue and there is no question but that an explicit ruling would conform to the implicit one." (*In re E.W., supra*, at p. 405.)

A juvenile court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) Its "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*In re Dezi C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the agency's inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

Father argues that, on this record, there can be no implied finding that ICWA does not apply because there were "significant problems" with the ICWA-030 notices as well as the "scope of inquiry/ investigation" into the minors' Native American ancestry. Father has conflated two distinct claims: (1) whether the juvenile court made an implied finding that ICWA does not apply; and (2) whether there was sufficient evidence to

8

support a finding that ICWA does not apply. We conclude an implied finding was made by the juvenile court, but the Department's inquiry was inadequate.

In this case, the Department reported on ICWA in nearly every report filed with the court. The Department also filed the ICWA-030 notices it sent out and the responses it received. The juvenile court stated on the record it read and considered all the reports and admitted them into evidence. The court terminated parental rights without consideration of the heightened ICWA standards. (*In re Asia L.* (2003) 107 Cal.App.4th 498, 506 [appellate court found implicit ruling that ICWA did not apply when ICWA notice was given, and parental rights were terminated without considering heightened ICWA standards].) Accordingly, we are confident the juvenile court considered the issue and "an explicit ruling would conform to the implicit one." (*In re E.W., supra*, 170 Cal.App.4th at p. 405.) That ruling, however, is not supported by substantial evidence.

The record here reflects the Department's efforts to investigate the minors' potential Native American ancestry were insufficient. The Department is not required to find " 'unknown relatives and others who have an interest in the child, merely to make reasonable inquiries. The operative concept is those people who are reasonably available to help the agency with its investigation into whether the child has any potential Indian ancestry should be asked.' " (*In re Dezi C., supra*, 16 Cal.5th at p. 1140.) The evidence does not support a finding that the Department satisfied this requirement.

From the outset of this case, mother claimed membership in the Mechoopda Tribe. The Mechoopda Tribe denied mother's claim, but there is no evidence the Department spoke to anyone in mother's family about their ancestry or gave the family's information to the Mechoopda Tribe. According to father, mother has several cousins enrolled in the Mechoopda Tribe, but there is no evidence the Department spoke to, or otherwise tried to identify those cousins.

9

In addition, when the Department sent ICWA-030 notices to 13 tribal nations, the Department only listed information for mother, father, and the minors. With reasonable effort, the Department could have identified and included information about the maternal and paternal grandparents, as well as any aunts, uncles, or cousins. Indeed, the Department knew the paternal grandmother and paternal uncle, as well as the name of a maternal aunt. Yet, the Department omitted their identifying information from the notices. And, when two tribal nations asked for additional information about the minors' lineage, there is no evidence the Department responded to those requests.

Moreover, while father did initially claim no Native American ancestry, he did later say he might be part Cherokee. His mother and brother denied knowing about any Native American ancestry, but there is no evidence the Department made any further inquiry. The Department, apparently, did not send an ICWA-030 notice to the Cherokee Nation. In short, there is insufficient evidence in the record to support the juvenile court's implied finding that the Department's inquiry satisfied the requirements of ICWA and related California laws.

## III. DISPOSITION

The order terminating parental rights and selecting adoption as the permanent plan is conditionally reversed, and the matter is remanded for the limited purpose of complying with the inquiry and notice provisions of ICWA as well as the requirements of sections 224.2 and 224.3 and the documentation provisions of California Rules of Court, rule 5.481(a)(5). If the juvenile court thereafter finds a further inquiry was proper and adequate, due diligence has been conducted, and ICWA does not apply, the order shall be reinstated. If, however, the juvenile court concludes ICWA applies, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with ICWA and California implementing provisions.

/S/

_____

RENNER, Acting P. J.

We concur:

/S/

_____

KRAUSE, J.

/S/

_____

FEINBERG, J.

11